**FILED**

**October 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **I.F.**

**No. 22-0188** (Kanawha County 21-JA-234)

## MEMORANDUM DECISION

Petitioner Mother L.F.[1] appeals the Circuit Court of Kanawha County's February 24, 2022, order terminating her parental rights to I.F.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

Just ten months before I.F. was born and prior to the filing of the instant petition, petitioner's parental rights to four older children were terminated in June of 2020 during a prior child abuse and neglect proceeding due to her substance abuse and inability to care for the children. In April of 2021, the DHHR filed the instant child abuse and neglect petition against petitioner alleging that she was unable to properly care for the infant and had not corrected the conditions of abuse and neglect that led to the prior terminations of her parental rights. Specifically, the DHHR alleged that while at the hospital after giving birth to I.F., the nurse was worried petitioner would suffocate the infant while holding the baby too tightly to her chest and that petitioner was uncooperative with the nurse and the DHHR worker.

In May of 2021, the court held a contested preliminary hearing. The Child Protective Services worker testified that petitioner had difficulty understanding a nurse's directions to care for and feed infant I.F. and that her parental rights to four other children were previously involuntarily terminated due to her inability to care for the children and her substance abuse. The court ratified the removal of the child and denied petitioner's motion for the DHHR to provide services such as parenting education classes, adult life skills classes, and supervised parenting, citing that the DHHR previously provided these services to petitioner less than a year prior.

---

[1]Petitioner appears by counsel Brenden D. Long. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Steven R. Compton. Matthew Smith appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

The circuit court held a contested adjudicatory hearing in September of 2021. Petitioner testified that she was employed and had stable housing. The DHHR presented evidence that petitioner's prior termination was based, in part, on her inability to perform simple tasks such as mixing baby formula correctly, obtaining the appropriate size of baby diapers, and buckling an infant's car seat. The DHHR argued that despite petitioner receiving extensive services in the 2020 abuse and neglect proceeding, including instruction from service providers, petitioner's inadequacies continued, threatening the health and welfare of I.F. The DHHR also presented evidence that petitioner's substance abuse issue remained untreated. The DHHR asked that the court take judicial notice of the 2020 proceedings. The circuit court found that petitioner had several extensions to improvement periods in the prior case and that she had not remedied the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights. The court adjudicated her as an abusing parent. Thereafter, petitioner filed a motion for a post-dispositional improvement period.

In January of 2022, the circuit court held a final dispositional hearing. After the presentation of evidence, the court determined that the DHHR was relieved of its duty to make reasonable efforts to reunify the family due to petitioner's prior terminations and denied petitioner's motion for an improvement period, finding any improvement unlikely. The court found that petitioner had not made sufficient changes since the 2020 case, including failing to address her substance problem. The court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for I.F.'s welfare. Petitioner now appeals the circuit court's February 24, 2022, order that terminates her parental rights to the child.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for a post-dispositional improvement period and argues that she had taken steps to remedy the conditions resulting in the prior termination of her parental rights. She emphasizes that I.F. was not born drug-exposed, she was no longer using drugs, she had housing and steady employment, she had completed four months of mental health therapy, and she had requested a follow-up parental fitness evaluation to compare to her previous parental fitness evaluation in 2020. We find, however, that petitioner is entitled to no relief, as she ignores the fact that she was unable to properly care for the older children in her first proceeding and that this condition remained unchanged throughout the current matter.

To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the improvement period. Simply put, the record shows that petitioner was provided extensive services through improvement periods nearly ten months prior to the filing of the instant petition and did not respond to those services. The services were the same services that would have been offered to petitioner during an improvement period in this case. Importantly, a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448,

---

[3]The parental rights of the unknown father were terminated. The permanency plan for I.F. is adoption by his foster family.

573 S.E.2d 354, 359 (2002). Here, having taken judicial notice of petitioner's 2020 case, having learned that petitioner's inability to parent had not changed, and having been made aware that petitioner had not undergone drug treatment, the court found any improvement unlikely. We find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

For the same reasons as above, petitioner argues that the circuit court erred in terminating her parental rights to I.F. Because the court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected"). Indeed, petitioner's inability to properly parent a child continued, unabated, across two separate abuse and neglect proceedings. As such, it is clear that the evidence overwhelmingly supported the circuit court's findings regarding termination.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn